Requestor: David Christy, Esq., Village Attorney Village of Lewiston 145 North Fourth Street Lewiston, N Y 14092
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether the board of trustees of a village may on its own motion submit a proposition to change the month of the village election to the voters at an election other than the general village election or a special village election. They would like to submit the proposition in November of 1993.
Section 9-912(1) of the Village Law requires that the electors of a village approve a proposition to change the month when the general village election is held. Under the provision, that proposition may be submitted by the board of trustees on its own motion or upon the filing of a petition by the electors of the village.
 "The board of trustees may, upon its own motion, and shall, upon the petition of . . . electors . . . cause a proposition to be submitted at a regular or special village election as such elections are defined in the election law."
The subdivision then provides "[i]f such petition" requests the holding of a referendum at a time other than at a regular or special village election, the petition is to contain twice the number of signatures as is otherwise required. It then states that "[i]f such petition" does not request the holding of the above referendum, the question is to be submitted at the next regular or special village election held not less than 30 days after the filing of the petition. Finally, "[i]f such petition" requests the holding of a referendum at a time other than at the time of a regular or special village election, the referendum is to be held no less than 30 nor more than 60 days after the filing of the petition.
Nowhere in the above provisions is there mention of the submittal of a proposition by board motion. Yet, as with the petition route, it is necessary to establish when the various types of elections would be held. It must be presumed that the drafters intended that the provisions applicable to petitions would also apply to board motions. Thus, it appears that the board's authority to submit a proposition is parallel to that of petitioners. Further, we note that under the predecessor of the current section 9-912, the board was able to submit a proposition to a referendum on the same terms as petitioners. We have found no indication of intent to remove this power from the board. Bill Jacket, L 1977, ch 443.
We conclude that the board of trustees under section 9-912 of the Village Law may submit a proposition to a referendum at a general village election, special village election or another election.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.